**Manik RAHMAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3955–AG.**

United States Court of Appeals,
Second Circuit.

April 5, 2006.

Manik Rahman, Poughkeepsie, New York, for Petitioner, pro se.

Jonathan S. Gasser, United States Attorney for the District of South Carolina, J. Douglas Barnett, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 5th day of April, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Manik Rahman petitions for review of the BIA's decision affirming the immigration judge's ("IJ's") denial of his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Regulations state that a motion to reopen must state new facts, supported by affidavits or other evidence, that will be proved at a hearing if the motion is granted. 8 C.F.R. § 1003.23(b)(3). If the motion is for the purpose of acting on an application for relief, that application must be attached to the motion. *Id.* Finally, evidence offered with the motion must have been previously unavailable or undiscoverable at the applicant's prior hearing. *Id.* Rahman's motion to reopen submitted before the IJ alleged only that his former counsel failed to inform him of the consequences of voluntary departure and requested that proceedings be reopened on humanitarian grounds. Rahman submitted no affidavits, applications for relief, or other evidence. Therefore, the BIA did not abuse its discretion by adopting the decision of the IJ which denied Rahman's motion to reopen for failing to meet the requirements of 8 C.F.R. § 1003.23(b)(3), which the IJ listed in a reasoned, albeit short, decision.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

The BIA did not abuse its discretion in finding that the birth certificates submitted with Rahman's appeal of the IJ's decision were neither previously unavailable nor undiscoverable. Both birth certificates were issued before October 2003 when the IJ issued her decision on Rahman's motion. Additionally, whether or not Rahman or his counsel intended to make a claim for cancellation of removal, the BIA did not abuse its discretion by denying Rahman's motion on the alternative ground that he failed to show *prima facie* eligibility for cancellation. The BIA indicated that it considered an avenue of relief for which Rahman had invoked key terms but was nevertheless ineligible.

Finally, exhaustion of administrative remedies is statutorily required for aliens challenging final orders of removal, 8 U.S.C. § 1252(d)(1), and requires exhaustion of bases for relief and issues, although not subsidiary legal arguments. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Because Rahman failed to exhaust either of his ineffective assistance claims, this Court is unable to review those claims. *Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).